UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACQUELINE SHARON RAE MINTY and SEAN THOMAS MINTY, as parents of S.R.M.,

Plaintiffs,

v.

GRIMMWAY ENTERPRISES, INC.,

Defendant.

CASE NO. 2:24-cv-01915-RSM

SECOND STIPULATED MOTION FOR CONTINUANCE OF DEADLINES

Pursuant to Local Civil Rules 10(g) and 16(b)(6), Plaintiffs Jacqueline Sharon Rae Minty and Sean Thomas Minty, as parents of S.R.M. ("Plaintiffs"), and Defendant Grimmway Enterprises, Inc. ("Defendant," and together with Plaintiffs, the "Parties"), through undersigned counsel hereby STIPULATE and respectfully request that the Court continue the deadlines set forth in the table below by 90 days. As demonstrated, good cause supports the requested extension.

| **Deadline** | **Current Date** | **Proposed New Date** |
|---|---|---|
| Deadline for Filing Motions Related to Discovery | August 4, 2026 | November 2, 2026 |
| Discovery Completed | September 4, 2026 | December 3, 2026 |
| Dispositive Motion Filing Deadline | October 5, 2026 | January 4, 2027 |
| Mediation per LCR 39.1(c)(3) | November 17, 2026 | February 16, 2027 |
| Motions in Limine Filing Deadline | December 4, 2026 | March 4, 2027 |
| Pretrial Order Filing Deadline | December 20, 2026 | March 19, 2027 |
| Trial Briefs, Proposed Voir Dire Questions, Jury Instructions, Neutral Statement of the Case, and Trial Exhibits Filing Deadline | December 28, 2026 | March 29, 2027 |
| Jury Trial Date | January 4, 2027 | April 5, 2027 |

## I. BACKGROUND

The Parties have only once sought modification of the scheduling order outright, which the Court granted, resetting trial for January 4, 2027. (Dkt. #32). Since the inception of this matter, the Parties have worked diligently and cooperatively to move this case forward. Declaration of William D. Marler in Support of Stipulated Motion ("Marler Decl.") ¶ 2.

Since the last continuance, the posture of the case has advanced. Following the Court's grant of the Stipulated Motion to Continue Deadlines, the Court entered the Parties' Stipulated Protective Order. (Dkt. #34). Defendant has produced confidential materials that it had previously conditioned on the entry of such an order, and Plaintiffs have provided those materials to their retained experts for review. Marler Decl. ¶ 3. The Parties disclosed a total of five experts pursuant to Federal Rule of Civil Procedure 26(a)(2). (Dkt. #27; Dkt. #28.)

The Parties have also continued to meet and confer in good faith regarding Defendant's written discovery responses and document production. Counsel exchanged detailed meet-and-confer correspondence and have conferred telephonically on two occasions concerning discovery, including as recently as July 10, 2026. Marler Decl. ¶ 4. Through those conferences, the Parties have narrowed numerous discovery disputes and are actively working through issues relating to electronically stored information ("ESI") and e-discovery—including the potential extraction of responsive data from Defendant's internal databases, the use of certain ESI search terms, and review of ESI responsive to the search terms.

Discovery remains ongoing. The Parties have taken two depositions, five additional depositions are currently scheduled, and the Parties anticipate that still more will be noted and taken. *Id.* ¶ 5. Importantly, the Parties' most recent discovery conference confirmed that additional documents are likely responsive and are forthcoming from Defendant. *Id.* Those materials—like the confidential materials already produced—must be provided to Plaintiffs' experts for review and are expected to inform, and may materially impact, their analyses, opinions, and conclusions. *Id.* ¶ 6. Plaintiffs may, in turn, supplement or amend their expert disclosures, which may further

affect the opinions of Defendant's experts. Id. The Parties accordingly require additional time to complete the outstanding document production and ESI exchange, to permit their respective experts to evaluate the newly produced and forthcoming materials, to supplement or amend expert reports as appropriate, and to complete fact and expert depositions. Id. Given the volume of outstanding material, the ongoing ESI efforts, and the number of experts and depositions involved, the Parties cannot reasonably complete these tasks under the current discovery cutoff of September 4, 2026. *Id.* ¶ 7.

This is the Parties' second request to modify the case schedule outright. The request is jointly sought, is not the product of any lack of diligence, and will not prejudice any party. Given the progress the Parties have made in narrowing their disputes and advancing discovery, the Parties anticipate that this will be the final continuance they will require. *Id.* ¶ 8.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a case schedule may be modified where good cause exists and the delay is not caused by the carelessness or less than reasonably diligent action by the parties. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1, at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

## III. GOOD CAUSE SUPPORTS THE REQUESTED EXTENSION

Good cause supports the Parties' joint request. The Parties have proceeded diligently and cooperatively throughout this litigation. They have completed substantial written discovery, met and conferred on two occasions to narrow their discovery disputes, timely disclosed expert witnesses, taken two depositions and scheduled five more, and exchanged confidential materials that Plaintiffs have provided to their experts. The need for additional time arises not from any lack of diligence, but from the ordinary course of a complex, document-intensive matter: the Parties are still working through ESI and e-discovery issues, and Defendant has confirmed that additional responsive documents are forthcoming and will need to be produced. The Parties' good-faith meet-

and-confer efforts—rather than delay—are what make a modest further extension necessary, so that the experts on both sides have an adequate opportunity to evaluate the complete record and to supplement or amend their reports as appropriate.

Absent the requested extension, the Parties will not have sufficient time to complete the outstanding document production, to collaborate on ESI search terms, and to search and review any material responsive to those terms. Nor will the Parties have sufficient time to allow their experts to review the newly produced and forthcoming materials, to supplement or amend expert reports as necessary, and to complete the scheduled and anticipated depositions before the current discovery cutoff. A modest ninety-day extension of the existing deadlines will avoid that prejudice and promote the efficient and orderly presentation of evidence and expert testimony at trial. The Parties again represent that they anticipate this to be their final request to continue these deadlines. Accordingly, and for good cause shown, the Parties respectfully request that the Court continue the case deadlines to the proposed dates set forth in the table above.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs and Defendant, by and through undersigned counsel, that:

1.) The new deadlines in the above table are adopted as controlling deadlines as of the date of this Stipulated Motion.

**IT IS SO STIPULATED.**

Dated: July 28, 2026

MARLER CLARK, INC. PS

By: */s/ William D. Marler*

William D. Marler, WSBA #17233
Brian D. Ernst, WSBA #57038
180 Olympic Drive SE
Bainbridge Island, WA 98110
Telephone: (206) 346-1888
bmarler@marlerclark.com
bernst@marlerclark.com

Dated: July 28, 2026

WILSON ELSER MOSKOWITZ EDELMAN & DICKER

*/s/ Sara R. Shapland*

Sara R. Shapland, WSBA #49775
Rachel Tallon Reynolds, WSBA #38750
520 Pike Street, Suite 2350
Seattle, WA 98101
(206) 709-5900
Rachel.T.Reynolds@wilsonelser.com
Sara.Shapland@wilsonelser.com

Dated: July 28, 2026

WILSON ELSER MOSKOWITZ EDELMAN & DICKER

*/s/ Daniel E. Tranen*

Daniel E. Tranen (admitted *pro hac vice*)
7777 Bonhomme Ave., Ste 1900
Clayton, MO 63105
(314) 930.2862
Daniel.Tranen@wilsonelser.com

***This Stipulated Motion contains 1,069 words, in compliance with the Local Civil Rules.*

## IV. ORDER

PURSUANT TO THE FOREGOING STIPULATED MOTION, IT IS SO ORDERED.

The Court GRANTS the Parties' Stipulated Motion for Continuance of Deadlines and ORDERS as follows:

1.) The deadlines are reset as so indicated in the below table as of the date hereof:

| Deadline | Current Date | Proposed New Date |
|---|---|---|
| Deadline for Filing Motions Related to Discovery | August 4, 2026 | November 2, 2026 |
| Discovery Completed | September 4, 2026 | December 3, 2026 |
| Dispositive Motion Filing Deadline | October 5, 2026 | January 4, 2027 |
| Mediation per LCR 39.1(c)(3) | November 17, 2026 | February 16, 2027 |
| Motions in Limine Filing Deadline | December 4, 2026 | March 4, 2027 |
| Pretrial Order Filing Deadline | December 20, 2026 | March 19, 2027 |
| Trial Briefs, Proposed Voir Dire Questions, Jury Instructions, Neutral Statement of the Case, and Trial Exhibits Filing Deadline | December 28, 2026 | March 29, 2027 |
| Jury Trial Date | January 4, 2027 | April 5, 2027 |

IT IS SO ORDERED.

Dated this 28th day of July, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE